UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REECE YOUNG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BYTEDANCE INC., et al., <br><br> Defendants. | Case No. 22-cv-01883-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 27 |

  The motion to dismiss is granted. Even though the plaintiffs have sued TikTok and ByteDance instead of their employers, workers' compensation exclusivity applies. *See SeaBright Ins. Co. v. U.S. Airways, Inc.*, 52 Cal. 4th 590, 594 (2011). The plaintiffs have failed to adequately plead that the "retained control" exception applies. *See Hooker v. Department of Transportation*, 27 Cal. 4th 198, 201–02 (2002) (recognizing exception where a hirer of an independent contractor retains control over the work but negligently exercises that control, injuring the contractor's employees).

  TikTok and ByteDance (collectively, "TikTok") argue that the plaintiffs have failed to plead the retained control exception in part because they did not (and cannot) plead a physical injury. The Court is not fully satisfied that this exception requires a physical injury under California law, because the parties have not adequately addressed the issue. TikTok's authority for that proposition consists only of persuasive authority: an unpublished decision of the California Court of Appeals and a decision by Judge Chen, neither of which settles the issue. *See Transmedia Network, Inc. v. Countrywide Business Alliance, Inc.*, No. D038163, 2002 WL 31151623, at *9 (Cal. Ct. App. Sept. 27, 2002); *Kasperzyk v. Shetler Security Services, Inc.*, No.

C-13-3358, 2014 WL 1760040, at *5 (N.D. Cal. May 2, 2014).

It is true that *Kasperzyk* cites *Hooker*, a decision of the California Supreme Court, for the proposition that physical injury is required. *Kasperzyk*, 2014 WL 1760040, at *5 (citing *Hooker*, 27 Cal. 4th at 206). But there is at least an argument that *Kasperzyk* overstates *Hooker*. *Hooker* quotes from section 414 of the Restatement Second of Torts, which defines the retained control exception in reference to physical injury. *See Hooker*, 27 Cal. 4th at 201, 206. But *Hooker* does not thereby hold (at least not obviously so) that the exception requires a physical injury under California law, because that was not the issue in *Hooker*. The Restatement offers persuasive authority, and California courts often follow it, but they do not do so invariably. *See, e.g.*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1160–61 (2003).

The plaintiffs seem to gesture at this argument. But they offer only an unilluminating, conclusory one-liner: "Nowhere in Hooker is physical injury listed as a p[re-re]quisite to liability. *See generally Hooker*." They instead devote their briefing on this issue to unconvincing arguments that they did, in fact, plead physical injury.

In the absence of adequate treatment of the issue by the parties, the Court is not inclined to decide the issue on this motion, particularly since the motion can easily be granted for another reason: the complaint does not even come close to alleging that TikTok retained control. The plaintiffs allege that TikTok sets work quotas, surveils the moderators' work, and provides the software that moderators use, among other things. But these measures fall squarely within the "broad power" of supervision and control "over results of the work" that TikTok is entitled to exercise without losing the protection of workers' compensation exclusivity. *Alaniz v. Sun Pac. Shippers, L.P.*, 48 Cal. App. 5th 332, 341 (2020).

Relatedly, nowhere does the complaint allege that TikTok prevents the plaintiffs' direct employers from exercising their own control over work conditions, such as by providing the support and precautions the moderators complain they lack. The bare assertion that the plaintiffs' "ostensible employers do little more than issue paychecks" is not sufficiently specific to suggest that TikTok has retained control over and above the plaintiffs' employers. Dkt. No. 23 ¶ 53.

Incidentally, the plaintiffs halfheartedly try but completely fail to plead a second exception: unsafe equipment. Even if this exception could be stretched to apply to software, the plaintiffs allege no defect or safety issue with the software itself.

The complaint is dismissed with leave to amend. Any amended complaint must be filed within 21 days of this order, and TikTok's response is due 21 days after such filing.

**IT IS SO ORDERED.**

Dated: October 19, 2022

_____
VINCE CHHABRIA
United States District Judge