UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REECE YOUNG, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BYTEDANCE INC., et al.,<br><br>        Defendants. | Case No. 22-cv-01883-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 51 |

In a separate opinion published concurrently with this order, the Court denied in part and granted in part TikTok and ByteDance's motion to dismiss. The motion to compel arbitration is denied without prejudice.

TikTok and ByteDance move to compel arbitration of Velez's claims based on Velez's arbitration agreement with her direct employer, Telus. TikTok and ByteDance concede that they are not signatories to this arbitration agreement, but they argue that Velez should be equitably estopped from avoiding arbitration of her claims.

"[A] litigant who is not a party to an arbitration agreement may invoke arbitration under the [Federal Arbitration Act] if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013). TikTok and ByteDance have not identified the "relevant state contract law" that should guide this inquiry; their motion cites to both Nevada and California law. The motion to compel arbitration is therefore denied without prejudice. TikTok and ByteDance may file a renewed motion to compel that clearly identifies the state law that applies. In the meantime, discovery as to both plaintiffs may proceed immediately.

**IT IS SO ORDERED.**

Dated: May 15, 2023

_____
VINCE CHHABRIA
United States District Judge