JONATHAN BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940

KATHERINE FORSTER (State Bar No. 217609)
katherine.forster@mto.com
ROSE LEDA EHLER (State Bar No. 296523)
rose.ehler@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for ByteDance Inc. and TikTok Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| REECE YOUNG and ASHLEY VELEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BYTEDANCE INC. AND TIKTOK INC.,<br><br>        Defendants. | Case No. 3:22-cv-01883-VC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Vince Chhabria |

1

**ANSWER TO SECOND AMENDED COMPLAINT**

2

Defendants ByteDance Inc. and TikTok Inc. ("Defendants") hereby answer[1] the Second

3

Amended Complaint, Dkt. 50 ("SAC") of Plaintiffs Reece Young and Ashley Velez ("Plaintiffs")

4

as follows:

5

**INTRODUCTION**

6

1.      Defendants admit that TikTok is a popular entertainment platform available in

7

numerous countries.  Defendants also admit that the third-party contractors Atrium Staffing

8

Services ("Atrium") and Telus International ("Telus") hired Plaintiffs—Reece Young ("Young")

9

and Ashley Velez ("Velez"), respectively—to assist in content moderation on the TikTok

10

platform.  The remaining allegations of Paragraph 1 consist of legal arguments or conclusions to

11

which no response is required, but to the extent a response is deemed required, Defendants deny

12

such allegations.

13

2.      Defendants admit that Telus hired Velez to assist in content moderation for the

14

TikTok platform, and she performed such work.

15

3.      Defendants admit that Atrium hired Young to assist in content moderation work for

16

the TikTok platform, and he performed such work.

17

4.      Defendants admit that Plaintiffs worked for different companies in different cities

18

separated by thousands of miles, however, Defendants otherwise deny the allegations of the first

19

sentence of Paragraph 4.  Defendants deny the remaining allegations in Paragraph 4.

20

5.      The allegations in Paragraph 5 are legal arguments or conclusions to which no

21

response is required, but to the extent a response is deemed required, Defendants deny the

22

allegations in Paragraph 5.

23

6.      Defendants admit that Plaintiffs and other U.S.-based content moderators use the

24

TCS software ("TCS") for their content moderation tasks, that the software may be preloaded onto

25

the computers such content moderators use, and that TCS contains the videos and tools needed to

26

27

28

---

[1] Defendants have filed a Renewed Motion to Compel Arbitration of Plaintiff Ashley Velez's claims (*see* ECF No. 78).  By answering the Second Amended Complaint, Defendants do not waive and expressly reserve all rights to compel arbitration of Velez's claims.

review content.  Defendants also admit that TCS gives Defendants the capability to monitor or evaluate U.S.-based content moderators' work performance, however Defendants deny that they use TCS to monitor or evaluate all U.S.-based content moderators' performance.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that U.S.-based content moderators may spend some time on any given work day reviewing material that potentially violates TikTok's Community Guidelines for removal, but otherwise deny the allegations in the first sentence of Paragraph 7.  Defendants deny that U.S.-based content moderators are given videos at a rapid pace.  Defendants deny that the software "immediately flag[s]" U.S.-based content moderators for taking a break.  Defendants admit that U.S.-based content moderators are asked to assign content flags based on TikTok policies, but otherwise deny the allegations in the second sentence of Paragraph 7.  The final sentence in Paragraph 7 contains legal arguments or conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny such allegations.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that they periodically issue policy updates for content moderation.  Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit Plaintiffs performed content moderation tasks using software provided by Defendants.  Defendants admit that they set content moderation guidelines for Atrium and Telus employees.  Defendants deny that they monitored Plaintiffs.  Defendants deny that they disciplined Plaintiffs, or managed their compensation.  The final two sentences of Paragraph 10—regarding the "quotas that were set" and the "monitoring and discipline [Plaintiffs] faced for not meeting quotas" are legal arguments or conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny such allegations.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegation in the first sentence of Paragraph 11.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations that Young witnessed the content described in the second sentence of Paragraph 11, and on that basis

deny the allegation.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations that Velez witnessed the content described in the third sentence of Paragraph 11, and on that basis deny the allegations.  Defendants deny that neither Plaintiffs received content warnings "either in training materials or in any other way."  The final sentence of Paragraph 11 regarding Plaintiffs' "exposure to harmful conduct" is a legal argument or conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny this allegation.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that U.S.-based content moderators review various types of potentially violative content under TikTok policies, but the nature of the content and the frequency with which they see any particular kind of content varies by moderator and over time.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegation in the first sentence of Paragraph 13 that Plaintiffs experienced "constant and unmitigated exposure to highly toxic and extremely disturbing images at the workplace, punishing quotas[,] and inexcusably poor training and guidance[.]"  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations that "Plaintiffs and other content moderators suffer immense stress and psychological harm" and "Plaintiffs have sought counseling on their own time and effort" and on that basis, deny such allegations.  Defendants deny the allegation that Plaintiffs were not provided "adequate prophylactic measures before exposure nor appropriate ameliorative measures after exposure."  The remaining allegations in Paragraph 13 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

14.     The allegations in Paragraph 14 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny such allegations.

15.     The allegation in Paragraph 15 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny that their

productivity standards and quotas for U.S.-based content moderators are inconsistent with governing standards of care.

16.     The allegations in Paragraph 16 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny such allegations.

17.     The allegations in Paragraph 17 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny such allegations.

18.     The allegation in Paragraph 18 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny this allegation.

19.     The allegations in Paragraph 19 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny such allegations and deny the action can proceed on a class basis.

## JURISDICTION AND VENUE

20.     The allegations in Paragraph 20 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

21.     The allegations in Paragraph 21 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

22.     The allegations in Paragraph 22 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## PARTIES

23.     Defendants admit that Young performed work from home as a content moderator for Atrium from March 2021 to December 2021 and used TCS to review content on the TikTok platform.  Defendants lack knowledge or sufficient information to form a belief as to the truth of

the allegation that Young is a resident of Nashville, Tennessee, and on that basis deny the allegation. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that Velez performed work from home as a content moderator for Telus and used TCS to review content on the TikTok platform. Defendants admit that Velez began employment with Telus in May 2021. Defendants lack knowledge or sufficient information to form a belief as to the truth that Velez's employment with Telus ended in November 2021 or that Velez is a resident of Las Vegas, Nevada, and on that basis deny those allegations. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that ByteDance Inc. is a Delaware corporation. Defendants deny that ByteDance Inc.'s principal place of business is in Mountain View, California. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 25.

26.     Defendants deny that TikTok Inc. is owned by ByteDance Inc. Defendants admit that TikTok Inc. is a California corporation with a principal place of business in Culver City, California. Defendants deny that TikTok Inc. maintains an office in Palo Alto, California or Mountain View, California. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that the TikTok platform is a popular short-form video-sharing platform. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 27.

28.     Defendants respond that The Washington Post article speaks for itself and otherwise deny the allegations contained in Paragraph 28.

29.     Defendants admit that the TikTok platform allows users to share videos. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that the TikTok platform has millions of active users and that there are a large number of videos on the TikTok platform. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 30.

## FACTUAL ALLEGATIONS

31.     Defendants admit that human content moderators review content that may violate

TikTok's Community Guidelines.  Defendants admit they receive reports of content on the TikTok platform that potentially violates TikTok's Community Guidelines.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 31.

32.     Defendants admit Plaintiffs used Defendants' proprietary TCS to perform content moderation review.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants lack knowledge or sufficient information as to what "moderators have reported" and on that basis, deny the allegation in the second sentence of Paragraph 35.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that Plaintiffs and U.S.-based content moderators used TCS to conduct their content moderation work.  Defendants also admit the allegations in the second and third sentences of Paragraph 37.  Defendants admit that Plaintiffs and U.S.-based content moderators use TCS to do content moderation work.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that TCS is used by U.S.-based content moderators to review content for the TikTok platform.  Defendants deny that the software "constantly tracks and watches Plaintiffs and other content moderators."  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in the first sentence of Paragraph 41.  The final sentence of Paragraph 41 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny this allegation.

42.     Defendants admit that U.S.-based content moderators reviewing content for the TikTok platform conduct their work through TCS, which contains the tools for reviewing videos

and flagging content.  Defendants admit that both Plaintiffs used TCS to monitor content on the TikTok platform.  Defendants deny that they use TCS to "constantly monitor the content moderators."  Defendants also deny that they "watch everything that the content moderators do" through TCS or that they monitor how long content moderators are logged out for breaks or lunch. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 42.

43.     Defendants respond that TikTok's Community Guidelines speak for themselves, respectfully refer the Court to that website for its content, and deny any characterization of the guidelines that are inconsistent with that content.  The first sentence of Paragraph 43 is a legal argument or conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the allegation.

44.     Defendants lack knowledge or sufficient information as to the truth of whether "Velez only performed content moderation services for TikTok while employed by Telus" and, on that basis, deny the allegation.  Defendants admit the remaining allegations in Paragraph 44.

45.     Defendants lack knowledge or sufficient information as to the truth of whether "Young only performed content moderation services for TikTok while employed by Atrium" and, on that basis, deny the allegation.  Defendants admit the remaining allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 48.  The final sentence of Paragraph 48 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny this allegation.

49.     Defendants respond that Vanessa Pappas' September 14, 2022 testimony before the U.S. Senate Committee speaks for itself and respectfully refer the Court to that testimony for its contents.   Except as specifically admitted herein, Defendants deny the allegations in Paragraph 49.

50.     Defendants deny that U.S.-based content moderators relied on translation tools to understand materials Defendants provided for their content moderation work.

51.     The allegations in Paragraph 51 are legal arguments or conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny these allegations.

52.     Defendants respond that The Intercept article speaks for itself and deny the allegations referenced in the first and second sentence of Paragraph 52.  The final sentence of Paragraph 52 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny this allegation.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants respond that the report speaks for itself and deny the allegations referenced in Paragraph 54.

55.     Defendants admit that video queues are presented to U.S.-based content moderators on TCS for selection and review.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 55.

56.     Defendants admit that they provide guidelines on the number of videos to review daily, how to conduct video review, the types of tags to place, and content moderation policies which have varied over time.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegation that Plaintiffs' employers and other content moderators' employers "do little more than issue paychecks."  The final sentence of Paragraph 57 is a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny this allegation.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in the first sentence of Paragraph 59.  The remaining allegations in Paragraph 59 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants respond that the case *Frazier v. ByteDance Inc. and TikTok Inc.*, U.S. District Court for the Central District of California, No. 2:21-cv-9913 speaks for itself, respectfully refer the Court to that docket, and respond that the allegations contained in the first and third sentences of Paragraph 67 contain a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations. Defendants deny that they caused the *Frazier* plaintiff to be fired or that Defendants' conduct caused the case to not proceed.  Defendants also deny the allegations in the last sentence of Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that ByteDance had a contractual business relationship with Telus during the times relevant to the complaint.

72.     Defendants admit that ByteDance had a contractual business relationship with Atrium during the times relevant to the complaint.

73.     Defendants deny the allegations in the first sentence of Paragraph 73.  Defendants lack knowledge or sufficient information to form a belief as the truth of the allegations in the last sentence of Paragraph 73, and on that basis, deny the allegations.

74.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 74, and on that basis, deny the allegations.

75.     Defendants deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 contain legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

77.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 77, and on that basis, deny the allegations.

78.     Defendants respond that the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) speaks for itself, and respectfully refer the Court to that manual.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 78, and on that basis, deny the allegations.

79.     Defendants respond that the National Crime Squad study speaks for itself and respectfully refer the Court to that study.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 79, and on that basis, deny the allegations.

80.     Defendants respond that the Department of Justice study speaks for itself and respectfully refer the Court to that study.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 80, and on that basis, deny the allegations.

81.     Defendants respond that the 2010 study speaks for itself and respectfully refer the Court to that study.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 81, and on that basis, deny the allegations.

82.     Defendants respond that the Eyewitness Media Hub study speaks for itself and respectfully refer the Court to that study.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 82, and on that basis, deny the allegations.

83.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 83, and on that basis, deny the allegations.

84.     Defendants respond that the referenced media articles speak for themselves and respectfully refer the Court to those articles.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 84, and on that basis, deny the allegations.

85.     Defendants lack knowledge or sufficient information to form a belief as to the truth

of the allegations in Paragraph 85, and on that basis, deny the allegations.

86.     Defendants respond that the ADA website cited in Paragraph 86 speaks for itself and respectfully refer the Court to the website.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 86, and on that basis, deny the allegations.

87.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 87, and on that basis, deny the allegations.

88.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 88, and on that basis, deny the allegations.

89.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 89, and on that basis, deny the allegations.

90.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 90, and on that basis, deny the allegations.

91.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 91, and on that basis, deny the allegations.

92.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 92, and on that basis, deny the allegations.

93.     Defendants admit that TikTok Inc. is a member of the Technology Coalition.  The remaining allegations in Paragraph 93 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

94.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 94, and on that basis, deny the allegations.

95.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 95, and on that basis, deny the allegations.

96.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 96, and on that basis, deny the allegations.

97.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 97, and on that basis, deny the allegations.

98.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 98, and on that basis, deny the allegations.

99.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 99, and on that basis, deny the allegations.

100.     Defendants respond that the Guidebook speaks for itself and respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 100, and on that basis, deny the allegations.

101.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegation in the first sentence of Paragraph 101, and on that basis, deny the allegation. Defendants deny the allegation in the final sentence of Paragraph 101.

102.     Defendants admit that Plaintiffs and U.S.-based content moderators conduct their review of content on the TikTok platform through TCS, but otherwise deny the allegations of the first sentence of this paragraph.  Defendants deny that TCS prevents U.S.-based content moderators from "switch[ing] or limit[ing] their time viewing graphic materials," through monitoring or otherwise.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 102.

103.     Defendants admit that the videos assigned to U.S.-based content moderators for review are in an arranged queue.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 103.

104.     Defendants respond that the NCMEC guidelines speak for themselves and respectfully refer the Court to those guidelines.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 104, and on that basis, deny the allegations.

105.     Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 105, and on that basis, deny the allegations.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants admit that content moderators can opt out of viewing child sexual abuse material.  Defendants deny the remaining allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 110, and on that basis, deny the allegations.

111.     Defendants deny the allegations in Paragraph 111.

112.     The allegations in the first sentence of Paragraph 112 are legal arguments or conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny these allegations.  The Guidebook, referred to in the second sentence of Paragraph 112, speaks for itself, and Defendants respectfully refer the Court to the Guidebook.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 112, and on that basis, deny the allegations.

113.     The allegations in Paragraph 113 are legal arguments or conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny these allegations.

114.     The allegations in Paragraph 114 are legal arguments or conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny these allegations.

115.     Defendants deny that "[a]ll content moderation training is done at [Defendants'] direction."  Defendants admit that training for U.S.-based content moderation may be based in part on TikTok materials and TCS.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants lack knowledge or sufficient information as to the timing of the signing of non-disclosure agreements, and on that basis, deny the allegation in the first and second sentences of Paragraph 121.  The final sentence of Paragraph 121 contains a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegation.

122.    Paragraph 122 contains a legal argument or conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegation.

123.    Defendants admit that TCS requires U.S.-based content moderators to apply tags during the content review.  Defendants deny the remaining allegations in Paragraph 118.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in the first and second sentences of Paragraph 125. The allegations in the third, fourth, and fifth sentences of Paragraph 125 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

126.    Defendants admit that U.S.-based content moderation for the TikTok platform takes place through TCS.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants admit that U.S.-based content moderators for the TikTok platform are given flexibility to use wellness time and benefits provided by their third-party employers. Defendants deny the remaining allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants respond that they lack knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 130, and on that basis, deny the allegations.

## CLASS ACTION ALLEGATIONS

131.    The allegations of Paragraph 131 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

132.    The allegations of Paragraph 132 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

133.    The allegations of Paragraph 133 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

134.    The allegations of Paragraph 134 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

135.    The allegations of Paragraph 135 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

136.    The allegations of Paragraph 136 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R. Civ. P. 23.

137.    The allegations of Paragraph 137 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations and expressly deny that the putative class is amenable to certification under Fed. R.

1 Civ. P. 23.

2      138.    The allegations of Paragraph 138 are legal arguments or conclusions to which no

3 response is required.  To the extent a response is deemed required, Defendants deny these

4 allegations and expressly deny that the putative class is amenable to certification under Fed. R.

5 Civ. P. 23.

6                                  **FIRST CAUSE OF ACTION**
                                          **Negligence**

7      139.    Paragraph 139 is a reiteration of previous allegations to which no response is

8 required.  To the extent a response is deemed required, Defendants incorporate their earlier

9 responses to the referenced paragraph.

10      140.    The allegations of Paragraph 140 are legal arguments or conclusions to which no

11 response is required.  To the extent a response is deemed required, Defendants deny these

12 allegations.

13      141.    The allegations of Paragraph 141 are legal arguments or conclusions to which no

14 response is required.  To the extent a response is deemed required, Defendants deny these

15 allegations.

16      142.    The allegations of Paragraph 142 are legal arguments or conclusions to which no

17 response is required.  To the extent a response is deemed required, Defendants deny these

18 allegations.

19      143.    The allegations of Paragraph 143 are legal arguments or conclusions to which no

20 response is required.  To the extent a response is deemed required, Defendants deny these

21 allegations.

22      144.    The allegations of Paragraph 144 are legal arguments or conclusions to which no

23 response is required.  To the extent a response is deemed required, Defendants deny these

24 allegations.

25      145.    The allegations of Paragraph 145 are legal arguments or conclusions to which no

26 response is required.  To the extent a response is deemed required, Defendants deny these

27 allegations.

28

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

146.    The allegations of Paragraph 146 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

147.    The allegations of Paragraph 147 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

148.    The allegations of Paragraph 148 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

149.    The allegations of Paragraph 149 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

150.    The allegations of Paragraph 150 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

151.    The allegations of Paragraph 151 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

152.    The allegations of Paragraph 152 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

153.    The allegations of Paragraph 153 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

154.    The allegations of Paragraph 154 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

155.    The allegations of Paragraph 155 are legal arguments or conclusions to which no

response is required.  To the extent a response is deemed required, Defendants deny these allegations.

156.    The allegations of Paragraph 156 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

157.    The allegations of Paragraph 157 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

158.    The allegations of Paragraph 158 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

159.    The allegations of Paragraph 159 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

160.    The allegations of Paragraph 160 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

161.    The allegations of Paragraph 161 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

162.    The allegations of Paragraph 162 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

163.    The allegations of Paragraph 163 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

164.    The allegations of Paragraph 164 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these

allegations.

165.    The allegations of Paragraph 165 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

166.    The allegations of Paragraph 166 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

167.    The allegations of Paragraph 167 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

**SECOND CAUSE OF ACTION**
**Violation of California Unfair Competition Law**

168.    Paragraph 168 is a reiteration of previous allegations to which no response is required.  To the extent a response is deemed required, Defendants incorporate their earlier responses to the referenced paragraph.

169.    The allegations in Paragraph 169 relate solely to Plaintiffs' California Unfair Competition Law ("UCL") claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

170.    The allegations in Paragraph 170 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

171.    The allegations in Paragraph 171 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

172.    The allegations in Paragraph 172 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

173.     The allegations in Paragraph 173 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

174.     The allegations in Paragraph 174 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

175.     The allegations in Paragraph 175 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

176.     The allegations in Paragraph 176 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

177.     The allegations in Paragraph 177 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

178.     The allegations in Paragraph 178 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

179.     The allegations in Paragraph 179 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

180.     The allegations in Paragraph 180 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

181.     The allegations in Paragraph 181 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

182.     The allegations in Paragraph 182 relate solely to Plaintiffs' UCL claim, which has

been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

183.    The allegations in Paragraph 183 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

184.    The allegations in Paragraph 184 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

185.    The allegations in Paragraph 185 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

186.    The allegations in Paragraph 186 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

187.    The allegations in Paragraph 187 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

188.    The allegations in Paragraph 188 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

189.    The allegations in Paragraph 189 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

190.    The allegations in Paragraph 190 relate solely to Plaintiffs' UCL claim, which has been dismissed with prejudice, Dkt. 69 at 13.  Therefore no response is required to these allegations.  To the extent a response is deemed required, Defendants deny these allegations.

191.    Defendants deny all liability and deny that Plaintiffs are entitled to any of the relief requested or any relief whatsoever.

192.   Defendants demand a trial by jury on all triable issues.

## RESPONSE TO REQUEST FOR RELIEF

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses.  By enumerating the subjects below as affirmative defenses, Defendants do not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiffs' claims as to which they bear the burden of proof. Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiffs' SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Lacking of Standing)

The claims of Plaintiffs' and the putative class are barred in whole or in part because Plaintiffs and/or members of the putative class lack standing to assert any or all the alleged causes of action.

## THIRD AFFIRMATIVE DEFENSE

## (No Injury/No Damage)

The claims of Plaintiffs' and the putative class are barred in whole or in part because Plaintiffs and/or members of the putative class have not sustained any injury or damage by any of Defendants' acts or omissions.

## FOURTH AFFIRMATIVE DEFENSE

## (Lack of Causation)

The claims of Plaintiffs' and the putative class are barred in whole or in part to the extent Defendants' conduct was not the actual or proximate cause of any of Plaintiffs' alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Claims Subject to Arbitration)**

The claims of Plaintiffs' and the putative class are barred in whole or in part to the extent such claims are subject to required arbitration.[2]

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The claims of Plaintiffs' and the putative class are barred in whole or in part by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The claims of Plaintiffs' and the putative class are barred in whole or in part by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Improper Class Action)**

This action is not properly maintainable as a class action as Plaintiffs alleged because, without limitation, Plaintiffs are not proper class representatives, the putative class is not ascertainable, irresolvable conflicts exist within the class, a class action is not a superior means of adjudication, and individual issues predominate.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

The claims of Plaintiffs' and the putative class are barred in whole or in part to the extent such claims fail to name and join indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

**(Contractual Defenses)**

The claims of Plaintiffs' and the putative class are barred in whole or in part by contracts

---

[2] Defendants have filed a Renewed Motion to Compel Arbitration of Plaintiff Ashley Velez's claims (*see* ECF No. 78).  Defendants reserve all rights with respect to compelling arbitration as to Velez and as to any putative class member whose claims are subject to arbitration.

and/or agreements they entered into with Defendants or third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims of Plaintiffs' and the putative class are barred in whole or in part by their failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiffs knowingly assumed the risk of the damages alleged, if any, and Plaintiffs' claims are therefore barred in their entirety.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

The claims of Plaintiffs' and the putative class are barred in whole or in part to the extent the claims rely on an alleged failure to disclose for which Defendants were under no duty to disclose.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiffs or any member of the putative class or subclass.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

Plaintiffs are not entitled to equitable relief because they do not lack an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims of Plaintiffs and the putative class are barred in whole or in part by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of unclean hands from maintaining each and every purported claim against Defendants, or from recovering any damages thereunder from Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

The claims of Plaintiffs and the putative class are barred in whole or in part to the extent they are preempted by federal law.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Additionally, Defendants specifically reserve all affirmative or other defenses that they may have against Plaintiffs and putative class.  Defendants reserve the right to amend or seek to amend their answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully demand the entry of judgment in their favor and against Plaintiffs as follows:

1. That Plaintiffs take nothing by their SAC;

2. That the SAC, and each and every allegation and subpart contained therein, be dismissed with prejudice;

3. That Defendants be awarded their costs and expenses of suit, including reasonable attorneys' fees; and

1      4.      For such other and further relief as the Court may deem just and proper.

2

3   DATED:  June 27, 2023                    MUNGER, TOLLES & OLSON LLP

4

5                                            By:      /s/ Jonathan Blavin
6                                                  Jonathan Blavin
                                             Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT