

August 24, 2023

Hon. Vince Chhabria
United States District Court
Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Young et al. v. ByteDance Inc. et al.,* Case No. 3:22-cv-01883-VC

Dear Judge Chhabria:

## I. ARGUMENT

### A. This Court Should Apply the Test Set Forth in *Dylag v. West Las Vegas Surgery Center* and Deny the Motion to Compel Arbitration.

*Dylag v. West Las Vegas Surgery Center, LLC*, 719 Fed. Appx. 568 (9th Cir. 2017) cites to and follows United States Supreme Court, Ninth Circuit and Supreme Court of Nevada precedent in analyzing the doctrine of equitable estoppel under Nevada law. This Court should apply this law and deny Defendant's motion to compel arbitration. *Dylag* applied this precedent when noting that that the plaintiff's co-employer and the plaintiff in *Dylag* did not share a contractual relationship, and that generally, "the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Dylag*, *supra*, at 570, (citing to *Kramer v. Toyota Motor Corp.* 705 F.3d 1122, 1126 (9th Cir. 2013)). *Dylag* further recognized that in accordance with *Arthur Andersen, LLP v. Carlisle*, 556 U.S. 624, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009), "courts must apply state law in determining the applicability of these principles [of equitable estoppel].) *Id.*; *see also Kramer* 705 F.3d at 1128. Finally, the Ninth Circuit in *Dylag* held that in accordance with the Supreme Court of Nevada's decision in *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 189 P.3d 656, 660 (2008)[1], "Nevada recognizes equitable estoppel's application in the arbitration context." *Id.* In *Dylag*, the Ninth Circuit found that the non-signatory, joint employer defendant could not compel the arbitration of the plaintiff's claims because the plaintiff's claims did not rely on the underlying employee contract and the plaintiff did

---

1 In *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 189 P.3d 656, 658 (2008), Farmers Insurance ("Farmers") signed a contract containing an arbitration provision for legal services with a California law firm. Farmers asked the California firm to perform the exact same legal services in the State of Nevada, to which the California law firm agreed and opened up an office in Nevada just for this reason. *Id.* The Nevada firm and Farmers entered into an oral contract for services. *Id.* A fee dispute arose, and Farmers attempted to compel arbitration of the Nevada firm based on the contract with the California firm. *Id.* The Supreme Court of Nevada held that because the Nevada firm was not receiving a direct benefit from the written agreement to arbitrate between the California firm and Farmers and because it did not attempt to assert any rights under the written arbitration agreement between the California firm and Farmers, that the Nevada firm was not a signatory to the agreement to arbitrate and did not receive a direct benefit under the contract, so equitable estoppel did not apply to bind the Nevada firm to arbitration. *Id.* at 661-62.

not allege that the joint employer engaged in "substantially interdependent and concerted misconduct." *Id.* at 571.

The analytical framework for determining whether equitable estoppel applies here derives from *Hard Rock Hotel, Inc. v. Eighth Judicial Dist. Court of State in & for Cty. of Clark,* Nev., 390 P.3d 166 (2017). In *Hard Rock Hotel*, the Supreme Court of Nevada derived the test it used and the one used in *Dylag* from the analytical framework used in the Fourth Circuit, which in turn had originated in the Eleventh Circuit. *Hard Rock Hotel*, *supra*, at 1-2. All Circuits in the United States use a substantially similar framework in determining whether the doctrine of equitable estoppel applies, and all arrive at similar outcomes for cases with similar factual issues, such as those in this case.

### B. If This Court Applies *Dylag*, Then the Court Should Find Not Compel Arbitraiton.

If this Court applies *Dylag*, then the Court should find that ByteDance, Inc. and TikTok, Inc. ("Defendants"), cannot compel the arbitration of Ashley Velez's ("Plaintiff") claims. In *Dylag*, the plaintiff filed a lawsuit against his former joint employers, West Las Vegas Surgery Center ("Surgery Center") and Teamworks Professional Services, Inc. ("Teamworks"), as well as two Surgery Center shareholders (collectively "Surgery Defendants") for employment discrimination claims. *Dylag*, *supra*, at 570. The plaintiff and Surgery Center had entered into an employment contract with an arbitration provision that encompassed the plaintiff's discrimination claims, and the district court found that the plaintiff must arbitrate his claims against Surgery Center. *Id.* In contrast, the Ninth Circuit held that, "…while it is undisputed that Teamworks was Dylag's co-employer, the two did not share a contractual relationship. 'Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration.' *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013)." *Id.* Citing to *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 189 P.3d 656, 660 (2008), the Ninth Circuit recognized that Nevada permits equitable estoppel in the arbitration context. *Id.* at 571. The Ninth Circuit applied this framework from *Hard Rock Hotel,*, 390 P.3d 166, at 1 n.4, 2 (2017):

> (1) equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must 'rely on the terms of the written agreement in asserting its claims against the non-signatory' (when each of a signatory's claims against a non-signatory 'makes reference to' or 'presumes the existence of' the written agreement, the signatory's claims 'arise out of and are related directly to the written agreement,' and arbitration is appropriate; (2) 'application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract[2].' *Dylag*, *supra*, at 571.

---

[2] The Ninth Circuit in *Dylag* explained that "[L]ike most jurisdictions that apply this framework, Nevada would require that allegations of 'substantially interdependent and concerted misconduct' be 'founded in or intimately connected with the obligations of the underlying agreement.' See *Kramer*, 705 F.3d at 1128-29; *Rajagoplan v. Noteworld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) (Where other circuits have granted motions to compel arbitration on behalf of non-signatory defendants against signatory plaintiffs, it was essential in all of these cases that the subject matter of

In *Dylag*, the Ninth Circuit found that the plaintiff's discrimination claims against the Surgery Defendants relied on federal anti-discrimination statutes – not his employment contract containing the arbitration provision. *Dylag*, *supra*, at 571.[3] The Ninth Circuit further explained that the plaintiff in Dylag did not allege that Surgery Center and Teamworks engaged in "substantially interdependent and concerted misconduct" because he did not allege that Teamworks participated in the decisions or discriminated against him, and even if they did, that "such allegations would not be founded in or intertwined with the obligations in Dylag's employment contract with WLVSC." *Id.*

Just as the Ninth Circuit found in *Dylag* that the non-signatory defendant could not compel the arbitration of the plaintiff's claims against them because the plaintiff's claims did not rely on the underlying contract itself and the plaintiff did not allege that his joint employers engaged in "substantially interdependent and concerted misconduct," here, the Court should find that Defendants cannot compel the arbitration of Plaintiff under the guise of equitable estoppel for the same reasons as in *Dylag*. Plaintiff's claims do not rely on the contract between her and her former employer, Telus. Plaintiff's claims against Defendants are based on Defendant's alleged control of the conditions of her employment and negligence in exercising that control. Such allegations have nothing to do with the underlying contract between Plaintiff and her former employer Telus, and the Defendants have not argued that Plaintiff's claims against them rely on the contract in any of their filings to date[4]. Further, Plaintiff has not alleged that the Defendants and her former employer engaged in "substantially interdependent and concerted misconduct" in her claims against Defendants (and not her former employer), and even if she did, such allegations would still not be founded in or intertwined with the obligations in Plaintiff's employment contract with her former employer, Telus. *See Dylag*, *supra*, at 571 ("Dylag has not alleged that WLVSC and Teamworks engaged in 'substantially interdependent and concerted misconduct'… And even if made, such allegations would not be founded in or intertwined with the obligations in Dylag's employment contract with WLVSC.")

## II.     CONCLUSION

This Court should apply the test set forth in *Dylag*, and find that under Nevada's doctrine of equitable estoppel, that Defendants, nonsignatories to the agreement between Plaintiff and her former employer, cannot compel the forced arbitration of her claims against them.

---

the dispute was intertwined with the contract providing for arbitration.)"

3 See *Kramer*, 705 F.3d at 1130-31 (holding that claims under consumer-protection and unfair competition statutes did not rely on and were not 'intimately founded in' the underlying contract; *Rajagopalan*, 718 F.3d at 847 (holding that the plaintiff was not equitably estopped from avoiding arbitration because his "statutory claims…[were] separate from the contract itself.")

4 See *Clem v. Lomeli*, 566 F.3d 1177, 1182 (holding that because a party failed to address an issue and argument in their answering brief, that they have waived the argument).

Dated:  August 24, 2023       Respectfully Submitted,
                              JOSEPH SAVERI LAW FIRM, LLP


                              By:      */s/ Kathleen J. McMahon*
                                       KATHLEEN J. MCMAHON

                              Joseph R. Saveri (State Bar No. 130064)
                              Steven N. Williams (State Bar No. 175489)
                              Elissa A. Buchanan (State Bar No. 249996)
                              Kathleen J. McMahon (State Bar No. 340007)
                              JOSEPH SAVERI LAW FIRM, LLP
                              601 California Street, Suite 1000
                              San Francisco, California 94108
                              Telephone:  (415) 500-6800
                              Facsimile:   (415) 395-9940
                              jsaveri@saverilawfirm.com
                              swilliams@saverilawfirm.com
                              eabuchanan@saverilawfirm.com
                              kmcmahon@saverilawfirm.com

                              *Attorneys for Plaintiffs and the Proposed Class*