UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REECE YOUNG, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>BYTEDANCE INC., et al.,<br><br>        Defendants. | Case No. 22-cv-01883-VC<br><br>**ORDER DENYING MOTION TO DENY CLASS CERTIFICATION**<br><br>Re: Dkt. No. 142 |

       The motion to deny class certification is denied. In fact, the Court is confused as to why this motion was filed at all. Although TikTok and ByteDance make an exceedingly strong argument to exclude from the class anyone who signed an arbitration agreement, they fail to explain why that should defeat class certification altogether, as opposed to simply reducing the size of the proposed class from roughly 12,600 people to roughly 4,100 or 4,300 people (depending on whether it would be appropriate to include people who signed agreements with Vaco in the class). In this respect, the primary case cited by TikTok and ByteDance—*Lawson* v. *Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021)—is very different. There, all members of the class except the named plaintiff and one other person had signed arbitration agreements.

       If a class is ultimately certified, the people who signed arbitration agreements will almost certainly be excluded, but this matter is properly discussed at the hearing on the motion for class certification. The parties are free to incorporate by reference the briefs they filed in connection with this motion, rather than repeating the arguments contained in those briefs.

       **IT IS SO ORDERED.**

Dated: August 30, 2024

_____
VINCE CHHABRIA
United States District Judge